| |
|---|
| **Pompea v Cestra** |
| 2025 NY Slip Op 30357(U) |
| January 29, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155944/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: HON. LYLE E. FRANK | PART 11M |
| *Justice* | |

-------------------------------------------------------------------------X

CHARLES POMPEA, TAMERA POMPEA

Plaintiff,

- v -

RONALD CESTRA,

Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155944/2024 |
| MOTION DATE | 10/18/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37

were read on this motion to/for _____ PARTIAL SUMMARY JUDGMENT _____.

Upon the foregoing documents, plaintiff's motion is granted.

## Background

Charles and Tamera Pompea (collectively, the "Plaintiffs") own a luxury condominium unit in Manhattan. When their daughter Amy married Ronald Cestra ("Defendant") and the couple had a son, Plaintiffs allege that they offered to let the married couple reside in the apartment for free for two years in order to build up a nest egg. During this time and to date, Plaintiffs have paid all taxes, utilities, and maintenance fees on the property. They also allege that the plan had long been to sell the apartment at the end of the two years. For his part, Defendant alleges that the understanding was that the apartment was to be the "matrimonial residence" and claims that Plaintiffs have not adequately proven that there was a pre-understood two-year license.

Amy and Defendant are currently in the process of negotiating a divorce and custody of their child. Plaintiffs have requested that both parties leave the apartment, but to date only Amy has moved out. In April of 2024, Plaintiffs served Defendant a 10-day Notice to Quit, informing

**155944/2024   POMPEA, CHARLES ET AL vs. CESTRA, RONALD**
Motion No.  001

**Page 1 of 6**

him that his license to stay in the apartment for free was being terminated. Defendant refuses to leave, arguing that to do so would interfere with the ongoing matrimonial dispute. Plaintiffs have responded by filing the underlying lawsuit, with causes of action requesting an ejectment of Defendant, Use and Occupancy for the holdover time after the expiration of the Notice to Quit, a declaration that Defendant's time to stay in the apartment has expired and that he has no valid interest in the apartment, a preliminary injunction removing Defendant, and alleging prima facie tort and tortious interference. Defendant has answered, and Plaintiff brings the present motion seeking partial summary judgment.

## Standard of Review

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

## Discussion

Plaintiff has moved for partial summary judgment on the ejectment and use and occupancy causes of action. Defendant opposes. For the reasons that follow, Plaintiffs have met their burden on a summary judgment motion and Defendant has in turn failed to establish a material issue of fact.

**155944/2024   POMPEA, CHARLES ET AL vs. CESTRA, RONALD**
**Motion No.  001**

**Page 2 of 6**

2 of 6

*<u>There Are No Triable Issues of Fact Regarding Plaintiffs' Entitlement to a Judgment of</u>*

*<u>Ejectment</u>*

In order to establish prima facie entitlement to an ejectment action, a plaintiff must show 1) ownership of the real property, 2) a present right to possession, and 3) defendant is in present possession of the estate. *Noamex, Inc. v. Domesy Worldwide, Ltd.*, 192 A.D.3d 817, 819 (2nd Dept. 2021). The first and third elements are not in dispute here. Defendant appears to be disputing the second element by arguing that the ongoing matrimonial dispute means that Plaintiffs have no ability to eject him from the apartment. He cites to *Rosenstiel* as support for the argument that he is not a licensee. In that case, the issue was whether after a separation, if a husband who owned the marital home could eject the wife who was not on the deed. *Rosenstiel v. Rosenstiel*, 20 A.D.2d 71, 73 (1st Dept. 1963). The court there held that "a wife, in her occupation of the marital home, would not ordinarily be considered to be using the same in the status of the 'licensee' of her husband." *Id.*, at 77.

But here, Defendant is not a licensee of his spouse, but rather a licensee of two non-parties to the matrimonial action. The apartment is not marital property and cannot be awarded to one party or another by the matrimonial court. Defendant has not provided evidence of a triable issue of fact on whether or not he is entitled to remain indefinitely in an apartment that he pays nothing for, even after the property owners have revoked the license. While there may be unfortunate repercussions for Defendant as a result of leaving the apartment, that does not establish his present right to possession. His lack of right to possession is bolstered by the fact that to date, Plaintiffs have paid all taxes, utility, and maintenance fees on the apartment, and by the sworn statement Defendant made in the matrimonial action that he is currently living rent-free in Plaintiff's apartment and that he is aware that he will need to leave.

**155944/2024   POMPEA, CHARLES ET AL vs. CESTRA, RONALD**
**Motion No.  001**

**Page 3 of 6**

3 of 6

*Plaintiffs Have Established a Valid Claim for Use and Occupancy*

Plaintiffs have also moved for summary judgment on their claim for use and occupancy from the expiration of the Notice to Quit in April of 2024 to the date that Defendant surrenders possession. Even in the absence of a lease or contractual privity, a person staying in a plaintiff's property is liable for "unpaid reasonable value of use and occupancy. Reasonable value is fair market value, and it is the landlord's burden, not the tenants, to prove." *A&D Family Homes, LLC v. Herz*, 217 N.Y.S.3d 543, 543 (1st Dept. 2024). A court that fixes an amount must have first received "competent evidence of the reasonable value of the subject property, such as evidence of rental agreements for comparable apartments." *Id.*, at 544. In support of their motion, Plaintiffs have submitted a sworn affidavit from Merrill Curtis, a senior global real estate advisor with Sotheby's. Ms. Curtis states that she has examined the unique features of the apartment and current market conditions, leading her to believe that the fair market value of the monthly rental price of the apartment is $22,500.00.

Defendant opposes in part based on the argument that the apartment is marital property. As explored above, this argument is unavailing. Defendant also opposes the use and occupancy claim on the grounds that he does not have exclusive occupancy because Amy has asked Plaintiffs for access to the apartment in the future. But this does not establish a dispute over any material fact that would defeat Plaintiffs' claim for use and occupancy. Defendant also questions the expert affidavit provided by Plaintiffs, arguing that he did not have the opportunity to inquire about the expert's qualifications or the source for her opinions. While Plaintiffs have established a prima facie entitlement to use and occupancy, and Defendant has not shown a material issue of fact regarding liability, considering the unique nature of the apartment as pointed out in the

**155944/2024  POMPEA, CHARLES ET AL vs. CESTRA, RONALD**
**Motion No.  001**

**Page 4 of 6**

papers a hearing establishing the amount owed would be helpful. The Court has examined Defendant's other arguments and found them unavailing. Accordingly, it is hereby

ADJUDGED that the motion of plaintiffs for summary judgment on their second cause of action for use and occupancy is granted; and it is further

ORDERED that an assessment of damages against defendant Ronald Cestra is directed, and it is further

ADJUDGED that the motion of plaintiffs for summary judgment on the first cause of action for ejectment is granted; and it is further

ORDERED and ADJUDGED that plaintiffs are entitled to possession of Condominium Unit #13D/14D at 140 East 63rd Street, New York, New York as against defendant Ronald Cestra, and the Sheriff of the City of New York, County of New York, upon receipt of a certified copy of this Order and Judgment and payment of proper fees, is directed to place plaintiff in possession accordingly; and it is further

ADJUDGED that immediately upon entry of this Order and Judgment, plaintiff may exercise all acts of ownership and possession of Condominium Unit #13/14D at 140 East 63rd Street, New York, New York, including entry thereto, as against defendant Ronald Cestra; and it is further

ORDERED that the balance of the above-entitled action is severed and continued; and it is further

ORDERED that a copy of this order with notice of entry be served by the movant upon the Clerk of the General Clerk's Office, who is directed, upon the filing of a note of issue and a certificate of readiness and the payment of proper fees, if any, to place this action on the appropriate trial calendar for the assessment hereinabove directed; and it is further

**155944/2024   POMPEA, CHARLES ET AL vs. CESTRA, RONALD**
**Motion No. 001**

**Page 5 of 6**

5 of 6

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20250129164345LFRANKE65E67EBF44848E1BAAF496B8536587A

__1/29/2025__
DATE

_____
LYLE E. FRANK, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

155944/2024   POMPEA, CHARLES ET AL vs. CESTRA, RONALD
Motion No.  001

Page 6 of 6

6 of 6